## Commonwealth ex rel. Fox v. Reynolds.

*Habeas corpus—Restraint—Failure to prove—Costs.*

1. *Habeas corpus* cannot be maintained to relieve a minor child from restraint where there is no evidence of restraint and no question of personal liberty is involved.

2. Where a mother petitions for a writ of *habeas corpus* to relieve her fifteen-year old daughter from alleged illegal restraint, and the evidence does not show any restraint, but does show, on the contrary, that the child was unwilling to go with her mother, as the defendant had recommended, and further shows that the best interests of the child will be served by allowing her to remain where she is, the petition will be dismissed at the cost of the relator.

*Habeas corpus.* C. P. Dauphin Co., Jan. T., 1922, No. 163.

*M. E. Stroup,* for relator; *George R. Barnett,* for defendant.

WICKERSHAM, J., Feb. 28, 1922.—It is alleged by the relator that she is the mother of Fannie E. Fox, aged fifteen years, who is restrained of her liberty

1 D. & C.

Commonwealth ex rel. Fox v. Reynolds.

by the above named Arthur G. Reynolds illegally and wrongfully and for no criminal or supposed criminal matter.

This case came on to be heard Feb. 2, 1922, at which time many witnesses were heard, involving the taking of seventy-nine pages of testimony, from which testimony it appeared that the husband of the relator deserted her about fifteen years ago; that prior to the death of the grandmother of the said Fannie E. Fox, which occurred in December, 1921, she lived with her said grandmother; that after the death of her grandmother, the brother of the relator and uncle of the said Fannie E. Fox, herein named as defendant, moved into the house formerly occupied by his mother—the grandmother of said Fannie E. Fox. That some years prior to the death of her mother, the relator left her residence and went to live with her sister on another street in the City of Harrisburg. There was some difficulty about the daughter of the relator going to school, but it appeared that her grandmother kept her out to wait upon her during her last illness; that although all of the witnesses testified that the said Fannie E. Fox was a good girl and a consistent member of the Methodist Church, which church and Sunday school she attended regularly, yet it appeared that the relator had her arrested as an incorrigible, and that she is now under bail as such to appear at the Juvenile Court at its next session.

At the hearing before the alderman in the prosecution by the relator of her daughter for incorrigibility, it appeared the mother did not speak to her daughter, and it also appeared from the testimony she did little or nothing to gain the confidence and affection of her daughter, and she appears to have done some things well calculated to alienate that affection (N. T., pages 55 and 56). We are clearly of the opinion that the best interests of the daughter will be conserved by allowing her to remain where she is, and, therefore, the petition of the relator must be dismissed.

This is a proceeding against Arthur G. Reynolds, the defendant, uncle of Fannie E. Fox, who is charged in the petition of the relator with illegally and wrongfully restraining the said Fannie E. Fox of her liberty. The testimony shows that he recommended she go with her mother, but that the daughter, who is between fifteen and sixteen years of age, who never lived with her mother, and who, it appears, despises the gentleman friend of her mother, refused to go with her, and she still refuses. The purpose of this proceeding is to relieve the said Fannie E. Fox of the restraint of her uncle, so that she can go and live with her mother, but the evidence in this case shows there is no restraint (N. T., pages 41, 42-56). The court will refuse or dismiss a writ where no question of personal liberty is involved: Com. v. The Sheriff, 2 Dist. R. 319. We regard it as very doubtful whether we have the legal authority to compel this child to be returned to her mother, especially as she does not appear to have ever been in the custody of her mother, and does not want to go with her now: Com. v. Robinson, 1 S. & R. 353; In re Habeas Corpus, 9 Luzerne Legal Reg. Reps. 435, 436. We can find no evidence of restraint on the part of the defendant which would justify the issuance of an order in this proceeding: Com. v. Doran, 15 Pa. C. C. Reps. 385.

After considering all the evidence, we are convinced that the relator has not made out a case of restraint of her daughter, Fannie E. Fox, on the part of the defendant, and, therefore, the writ of *habeas corpus* granted in this case must be and is hereby dismissed, at the cost of the relator.

From William Jenkins Wilcox, Harrisburg, Pa.